Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000422
20-NOV-2013
07:45 AM

NO. CAAP-12-0000422

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ZAK K. SHIMOSE, Plaintiff-Appellant,
v.
HAWAI'I HEALTH SYSTEMS CORPORATION
DBA HILO MEDICAL CENTER, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-383)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Pro se Plaintiff-Appellant Zak K. Shimose (Shimose) appeals from the April 25, 2012 Final Judgment entered in the Circuit Court of the Third Circuit[1] (circuit court) in favor of Defendant-Appellee Hawai'i Health Systems Corporation (HHSC) dba Hilo Medical Center (HMC) (collectively HHSC/HMC). The Final Judgment was entered pursuant to the March 28, 2012 "Order Denying Plaintiffs Motion For Summary Judgment Filed On December 21, 2011; And Granting Defendants Motion For Summary Judgment Filed On December 22, 2011" (Summary Judgment Order).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1] The Honorable Glenn S. Hara presided.

well as the relevant statutory and case law, we conclude Shimose's appeal is without merit.

We review the circuit court's Summary Judgment Order granting HHSC/HMC's motion for summary judgment, to which Shimose was the non-moving party before reviewing its denial of Shimose's own motion for summary judgment. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008).

The circuit court did not err in denying Shimose's constitutional claim to a "property interest" in the right "to be considered for employment[,]" because Shimose had not established a legitimate claim of entitlement to the position. A "legitimate claim of entitlement" must be based on more than the Hawaiʻi Constitution, which does not itself create the requisite "property interest" to support a prospective employee's constitutional due process claim. See Abramson v. Bd. of Regents, Univ. of Hawaiʻi, 56 Haw. 680, 693-94, 548 P.2d 253, 262 (1976) ("it is clear that the [Hawaiʻi] Constitution does not create the requisite property interest or expectancy of employment . . . and that the interests which procedural due process protects stem from independent sources.").

The circuit court did not err when it concluded HHSC's inquiry into Shimose's criminal conviction record did not violate Hawaii Revised Statutes (HRS) § 378-2 (Supp. 2012) because his criminal record "bears a rational relationship to the duties and responsibilities of the [HMC's radiologic technician position]" so as to fall within provisions for conviction record inquiries under HRS § 378-2.5 (Supp. 2012).

Shimose contends HRS § 378-2.5(c) restricted HHSC/HMC from inquiring into his most recent ten year criminal history.

2

However, HHSC/HMC is exempt from this limitation under HRS § 378-2.5(d), which provides exemptions for state agencies acting pursuant to HRS §§ 78-2.7 (2003) and 831-3.1 (Supp. 2012).

Under HRS §§ 378-2.5 and 78-2.7 respectively, state agencies may deny employment that has a "rational relationship" to an applicant's conviction history or if the applicant's criminal conviction "poses a risk to the health, safety, or well-being of children or dependent adults[.]" Both HHSC and HMC are "state agencies" within the meaning of HRS § 378-2.5. See HRS § 323F-2(a) (2010 Repl.). HMC is a regional division of HHSC and a facility within HHSC's east Hawaiʻi regional health care system. HRS § 323F-2(b)(4).

In its October 16, 2008 response to Shimose's Charge of Discrimination filed with Hawaiʻi Civil Rights Commission, HHSC/HMC responded: "[m]ore likely than not, [Shimose] would be working in close proximity of patients and residents that could have an adverse impact on the safety and well-being of these individuals. Therefore, [Shimose] was disqualified from employment consideration at HMC . . . ." See HRS § 78-2.7(c)(1). During his March 7, 2011 deposition, Shimose acknowledged that HMC radiologic technician work with infants, "kids," adults, geriatrics, and disable patients. HMC's Facility Imaging Director, Reynold Cabarloc, also declared that HMC radiologic technologists work with vulnerable population groups such as children, geriatrics, and disabled patients. Accordingly, because the radiologic technician position would bring him in contact with children and dependent adults and would pose a risk to these populations, HHSC was permitted to deny Shimose's application for employment upon finding he had been convicted for possession with intent to distribute. See HRS § 78-2.7(c)(1).

Shimose contends the circuit court erred by "find[ing] that [Shimose's] criminal history bears a rational relationship to potential employment as a radtech at HMC" and, thereby finding

3

HRS § 378-2.5 permitted HHSC to inquire into his criminal convictions and decline his application for employment.

HMC's radiologic technicians have access to: (1) a "crash cart" containing 11 different drugs, syringes and needles (2) patient charts, which disclose drugs patients are taking (3) a drug reaction box containing 16 different drugs, syringes, and needles; and (4) "virtually all areas of the hospital, many areas of which contain storage supplies of various drugs." HHSC argued Shimose's prior history of possession with intent to distribute crystal methamphetamine is rationally related to access to drugs and related materials and proposed a scenario in which a radiologic technician would have opportunities to take medication from vulnerable patients. Under its ordinary meaning, a "rational relationship" exists between a demonstrated capacity to possess, and intend to distribute, controlled substances and risks posed by allowing access to controlled substances.

Therefore,

IT IS HEREBY ORDERED that the April 25, 2012 Final Judgment entered in the Circuit Court of the Third Circuit pursuant to the March 28, 2012 "Order Denying Plaintiffs Motion For Summary Judgment Filed On December 21, 2011; And Granting Defendants Motion For Summary Judgment Filed On December 22, 2011" is affirmed.

DATED: Honolulu, Hawai'i, November 20, 2013.

On the briefs:

Zak K. Shimose
Plaintiff-Appellant pro se.

Sarah O. Wang
Darin R. Leong
(Marr Jones & Wang)
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4